UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT LESTER JAMES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO.  1:14-CV-0903-SLB-TMP |
| | ) |
| **W.T. TAYLOR, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. §§ 2241 and 2255(e), filed by petitioner Robert Lester James. (Doc. 1.)[1] Respondent, Warden W.T. Taylor, has responded, (doc. 14), and James has filed a reply, (doc. 16). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Petition is due to be denied based on the court's lack of jurisdiction.

## I.  SECTION 2241 STANDARD

With regard to a § 2241 petition, the Eleventh Circuit has established the following:

> This Court . . . has recognized that a prisoner may file a petition under § 2241 challenging the *validity* of his conviction or sentence if his § 2255 motion was "inadequate or ineffective" to test the validity of his conviction or sentence. *See Bryant* [*v. Warden, FCC Coleman-Medium*], 738 F.3d [1253,] 1263 [(11th Cir. 2013)].  This conclusion stems from the so-called "Savings Clause" of § 2255, which provides:

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

> An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> We have formulated a test for determining inadequacy or ineffectiveness where a petitioner claims he was sentenced above the statutory maximum. In *Bryant*, we held that in such circumstances, a prisoner may file a § 2241 petition challenging the validity of his sentence only if (1) during the pendency of the § 2255 petition, circuit precedent squarely foreclosed the argument being made in the § 2241 petition, (2) subsequent to the § 2255 petition, the Supreme Court overturned that circuit precedent, (3) the new Supreme Court rule applies retroactively on collateral review, (4) the effect of the retroactive rule is that the prisoner has been sentenced above the statutory maximum authorized by Congress, and (5) the Savings Clause reaches the kind of claim raised by the petitioner. 738 F.3d at 1274. The chief benefit of the Savings Clause is that, contrary to § 2255(h)'s narrow grounds for filing a successive petition, a retroactive change in Supreme Court law that is not of a constitutional dimension can nonetheless provide relief to a prisoner. But the Savings Clause is a threshold jurisdictional inquiry – if a petitioner cannot satisfy the Savings Clause test, we lack jurisdiction to hear a § 2241 petition challenging the validity of a conviction or sentence. *See McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1250 (11th Cir. 2016).

*Cortes-Morales v. Hastings*, 827 F.3d 1009, 1014-15 (11th Cir. 2016)(emphasis in original);

*see also Brown v. Warden, FCC Coleman–Low*, 817 F.3d 1278, 1283 (11th Cir. 2016)(quoting *Bryant*, 738 F.3d at 1274).[2]

---

[2]The *Bryant* court stated:

To show his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," Bryant must establish that (1) throughout his

"Whether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses. Because [James] did not satisfy the *Bryant* test, the Court lacks jurisdiction to consider his Petition on the merits." *Garner v. Drew*, No. 1:15-CV-255-WSD, 2016 WL 5341779, at *3 (N.D. Ga. Sept. 23, 2016)(citing *Bryant*, 738 F.3d at 1262)(internal quotations, citations, and alterations omitted).

## II. BACKGROUND

On February 22, 2006, James was indicted on a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e). *United States v. James*, No. 3:06-CR-0062-TJC-MCR, doc. 1 (M.D. Fla. Feb. 22, 2006)(hereinafter *James I*). The Indictment charged that James had six prior felony convictions, which included a 1976 conviction for attempted robbery in Orange County, Florida; a 1979 conviction for armed

---

sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed Bryant's distinct prior state conviction that triggered § 924(e) and had squarely foreclosed Bryant's § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [*v. United States*, 553 U.S. 137 (2008)], as extended by this Court to Bryant's distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed Bryant's § 924(e) claim; (3) the new rule announced in *Begay* applies retroactively on collateral review; (4) as a result of *Begay*'s new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Bryant*, 738 F.3d at 1274.

robbery in Brevard County, Florida; a 1979 conviction for robbery in Orange County, Florida; and a 1988 conviction for aggravated battery in Orange County, Florida. *Id*. at 1-2.[3] In March 2007, James entered into a Plea Agreement in which he agreed to plead guilty to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e). *Id*., doc. 55 (March 21, 2007). As part of his plea agreement, James waived the right to appeal his "sentence or to challenge it collaterally on any ground." *Id*. at 7-8. The court accepted James's plea. *Id*., doc. 57 (April 23, 2007).

    At sentencing the court found:

> There is – unless I'm advised to the contrary, there is a 180-month minimum mandatory that's applicable in this case. . . .
>
> . . .
>
> . . . [B]ecause of the minimum mandatory under 924(e), the lowest sentence available is 180 months of imprisonment. So, therefore, the advisory guideline range effectively becomes 180 months to 210 months of imprisonment, which is indicated.
>
> . . .
>
> I did not see any basis to relieve Mr. James from the requirements of the minimum mandatory. The law requires three qualifying convictions. There is no time limit. There's no aging of those convictions like there is under the sentencing guidelines.
>
> And Mr. James has a number of convictions. Some of them are fairly old, but they still qualify. And I specifically noted as I was reviewing the criminal history . . . a felony conviction for attempted robbery, a felony

---

[3]The Indictment also charged that James had been convicted of possession of cocaine in 2004 and three counts of "uttering" in 2002.

>   conviction for armed robbery, a felony conviction – another robbery, a felony conviction for aggravated battery, . . . and I think those are four qualifying offenses right there. And you only need three of them.
>
>   There may be others in the history. . . . And so I – I was satisfied that the 15-year minimum mandatory under 924(e) was applicable.
>
>   And I have not heard anything to the contrary. . . .

*Id*., doc. 79 at 3-5 (Sept. 2, 2014). James was sentenced to the mandatory minimum sentence of 180 months. *Id*., doc. 65 (Oct. 3, 2007). He did not file a direct appeal.

In January 2008, James filed his first § 2255 Motion to Vacate. *James v. United States*, Case No. 3:08-CV-0070-TJC-MCR, doc. 1 (M.D. Fla. Jan. 18, 2008)(hereinafter *James II*). The district court for the Middle District of Florida held that James's "appeal waiver is valid, [it] applie[d] to [his first] § 2255 motion[,] and none of the enumerated exceptions in the waiver appl[ied]." *Id*., doc. 9 at 4 (Oct. 29, 2008). The court dismissed the § 2255 Motion to Vacate with prejudice, *id*., and denied James a certificate of appealability, *id*., doc. 17 (Feb. 2, 2009). The Eleventh Circuit also denied James a certificate of appealability. *See id*., doc. 18 (May 14, 2009).

James filed a Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. §§ 2241 and 2255(e) in the court of conviction. *James v. Rathman, Warden, FCI–Talladega*, Case No. 3:14-CV-220-TJC-MCR, doc. 1 (M.D. Fla. Feb. 24, 2014)(hereinafter *James III*). On July 15, 2016, the Florida district court dismissed the Motion to Vacate based on a lack of jurisdiction. *Id*., doc. 5 (July 15, 2016). The court held, "If the Court construes the Motion to Vacate as a § 2255 motion, the Court lacks jurisdiction because it is an

unauthorized second or successive § 2255 motion," and "If the Court construes the Motion to Vacate as a habeas corpus petition under 28 U.S.C. §§ 2241 and 2255(e)'s savings clause, the Court still lacks jurisdiction," because "[a] prisoner must file a § 2241 petition in the judicial district where [he] is incarcerated" and James "was incarcerated at Talladega Federal Correctional Institution (FCI) in Talladega, Alabama," at the time he filed his Motion to Vacate in February 2014. *James III*, doc. 5 at 2-3, available at 2016 WL 3856166, 1-2 (M.D. Fla. July 15, 2016).

While *James III* was pending, on May 14, 2014, James filed the instant Petition for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. §§ 2241 and 2255(e). (Doc. 1.) In the instant Petition, James alleges that he "has no other petitions or motions presently before any other court, state or federal." (*Id*. at 2.) At the time, however, *James III* was pending in the Middle District of Florida.

Also, while this case and *James III* were pending, James sought permission to file a second or successive § 2255 petition based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See In re James*, No. 16-12548 (11th Cir. June 8, 2016). The Eleventh Circuit granted James's application to file a second or successive habeas petition stating, "Two of James'[s] four convictions used to enhance his sentence under the ACCA – his 1979 Florida robbery conviction and his 1976 attempted robbery conviction – are not clearly violent felonies without the application of the residual clause." *Id*. at 4. Thereafter, on June 15,

2016, James filed his third Motion to Vacate pursuant to § 2255 in the Middle District of Florida, in which he raised the following ground:

> Increasing James'[s] sentence under the [ACCA]'s residual clause violated due process.
>
> . . .
>
> The U.S. Supreme Court has declared the [ACCA]'s residual clause unconstitutionally vague, and it held that increasing a defendant's sentence under that clause violated due process. Mr James'[s] sentence was enhanced under the Act's residual clause, subjecting him to a mandatory minimum term of 15 years imprisonment. Accordingly, he was denied due process. The Supreme Court has ruled that the decision in [*Johnson*] is retroactive in cases on collateral review.

*James I*, doc. 85 at 4 (M.D. Fla. June 15, 2016); *James v. United States*, Case No. 3:16-CV-0738-TJC-MCR, doc, 1 at 4 (M. D. Fla. June 15, 2016)(hereinafter *James IV*).

The proceedings in *James IV* were stayed while the Eleventh Circuit decided *United States v. Fritts*, No. 15-15699. On November 8, 2016, the Eleventh Circuit decided *Fritts*, holding:

> In sum, based on our precedent in [*United States v.*] *Dowd*[, 451 F.3d 1244 (11th Cir. 2006)] and [*United States v.*] *Lockley*, [632 F.3d 1238 (11th Cir. 2011),] and in light of the Florida Supreme Court's decisions in *Robinson* [*v. State*, 692 So. 2d 883 (Fla. 1997)], *McCloud* [*v. State*, 335 So. 2d 257 (Fla. 1976)], and *Montsdoca* [*v. State*, 93 So. 157 (Fla. 1922)], we conclude that Fritts's Florida armed robbery conviction under § 812.13 categorically qualifies as a "violent felony" under the ACCA's elements clause.

*Fritts*, 841 F.3d 937, 943-44 (11th Cir. 2016).

Thereafter, James filed an Unopposed Motion to Lift Stay and Adopt and Preserve Arguments, in which he stated, :

7

> 2. The pivotal issue in this case – whether Florida robbery remains a "violent felony" in the wake of *Johnson* – was before the Eleventh Circuit in *United States v. Fritts* . . . . This case was thus stayed pending resolution of that appeal.
>
> 3. The Eleventh Circuit has now affirmed the sentence in *Fritts*, holding that Florida robbery is a "violent felony." . . . Therefore, Mr. James respectfully requests that the stay be lifted.
>
> 4. Although the defendant in *Fritts* will be seeking further review, the Eleventh Circuit decisions in those cases is currently binding precedent, which require that this Court deny Mr. James'[s] § 2255 motion.

*James IV*, doc. 9 ¶¶ 2-4 (Dec. 8, 2016). Finding that James's "argument hinged on whether a pre-1997 Florida robbery is still a 'violent felony' under the ACCA's elements clause," and he had "concede[d] that this issue was resolved against him in [*Fritts*], where the Eleventh Circuit held that a pre-1997 Florida robbery is a 'violent felony' under the elements clause," the district court for the Middle District of Florida denied his § 2255 petition and denied his request for a certificate of appealability. *James v. United States*, No. 3:06-CR-62-TJC-MCR, 2016 WL 7240048, 1-2 (M.D. Fla. Dec. 15, 2016); *James I*, doc. 87 (Dec. 15, 2016).

### III. **DISCUSSION**

James challenges his enhanced sentence under the Armed Career Criminal Act [ACCA] based on his prior convictions for allegedly "violent felonies." (Doc. 1 at 4.) The ACCA states, "In the case of a person who violates section 922(g) of this title and has ***three previous convictions*** by any court . . . for a ***violent felony*** . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned ***not less than fifteen years*** . . . ." 18 U.S.C. 924(e)(1)(emphasis added). Without this enhancement,

8

the maximum sentence for violating 18 U.S.C. § 922(g)(1) is ten years.  *See* 18 U.S.C. § 924(a)(2).  "Violent felony" is defined in the ACCA as a felony that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).  "The first prong of [the] definition[, § 924(e)(2)(B)(i),] is sometimes referred to as the 'elements clause,' while the second prong[, § 924(e)(2)(B)(ii),] contains the 'enumerated crimes' and, finally, what is commonly called the 'residual clause.'"  *United States v. Gundy*, 842 F.3d 1156, 1160-61 (11th Cir. 2016)(citing *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012))(footnote omitted).  The Supreme Court declared the residual clause to be unconstitutionally vague in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551, 2557-58, 2563 (2015).  However, it held that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.*, 135 S. Ct. at 2563.

According to the sentencing court, James had four violent felony convictions – attempted robbery, armed robbery, robbery, and aggravated battery.  *James I*, doc. 79 at 4 (Sept. 2, 2014). Neither robbery nor battery are enumerated crimes and the residual clause has been declared unconstitutionally vague.  Therefore, the issue before this court is whether James's prior convictions are convictions for violent felonies as defined by the elements clause.  James does not argue that his prior conviction for aggravated battery is not a violent

felony; therefore, the court assumes this conviction qualifies as a violent felony under the elements clause of the ACCA.[4]

In his § 2241 Petition, James argues that "two of his prior robbery convictions no longer generically qualify as violent felony convictions."[5] (Doc. 1 at 4.) He argues that "his prior offenses were not violent – categorically or otherwise [because] he was only the driver of an automobile during his prior offenses." (Doc. 16 at 5 [citing *United States v. Tellez-Martinez*, 517 F.3d 813, 814-15 (5th Cir. 2008)(Sentencing Guidelines case discussing robbery as an "enumerated offense" under U.S.S.G. § 2L1.1); *United States v. Flores-Hernandez*, 250 Fed. Appx. 85. 88-89 (5th Cir. 2007)(Discussing enhancement pursuant to U.S.S.G. § 2L1.2; "[T]he Florida statute contains the essential elements of robbery – the misappropriation of property involving danger to a person. That the Florida statute does not use the words purposefully or intentionally is not sufficient to keep the statute outside of the generic definition of robbery. The district court did not err by enhancing Flores-Hernandez's sentence for his prior conviction under the Florida law of robbery."); *State v. Floyd*, 872 So 2d 445, 446-47 (Fla. Dist. Ct. App. 2004)(discussing

---

[4] The court notes that, even if James had challenged consideration of this conviction, such claim would be without arguable merit. The Eleventh Circuit has "held that a conviction under Florida's aggravated battery statute categorically qualifies under the elements clause" as a violent felony. *In re Rogers*, 825 F.3d 1335, 1341 (11th Cir. 2016)(citing *Turner v. Warden Coleman FCI – Medium*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015)).

[5] James does not identify the two robbery convictions that he contends are not violent felonies.

"robbery by sudden snatching," Fla. Stat. § 812.131(1), which is a crime distinct from robbery and armed robbery, Fla. Stat. § 812.13)].)

James appears to misapprehend what the court means by a "categorical" approach to analyzing his prior offenses. In *Descamps*, the Supreme Court held:

> The Armed Career Criminal Act (ACCA or Act), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions "for a violent felony," including "burglary, arson, or extortion[," the "enumerated crimes" clause of § 924(e)(2)(B)(ii)]. To determine whether a past conviction is for one of those crimes, courts use what has become known as the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime" – *i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.

*Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). "Robbery" is not an enumerated crime in the ACCA, *see* 18 U.S.C. 924(e)(2)(B)(ii); therefore, comparison between the elements of the Florida robbery statute and the elements of generic robbery is irrelevant. What is required of the court under the categorical approach is consideration of "only . . . the statutory elements of the offense, without reference to the facts of the defendant's actual crime." *United States v. Golden*, No. 15-15624, 2017 WL 343523, *2 (11th Cir. Jan. 24, 2017); *see Welch v. United States*, 136 S. Ct. 1257, 1262 (2016) ("Under the categorical approach, a court assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.")(internal citations and quotations omitted). Under the categorical approach, the "facts" that James only drove the car during the robbery and that he did not

actually act "violently" are not considered by the court to determine whether his attempted robbery, armed robbery, and robbery under Florida law are violent felonies under the elements clause of the ACCA.

Because James does not challenge use of his aggravated battery conviction, the court must decide whether two of the three prior robbery convictions satisfy the elements clause definition of a violent felony, § 924(e)(2)(B)(i).  As set forth above, the elements clause states that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of ***physical force against the person of another***." *Id*. (emphasis added).  The Supreme Court has held "that[,] in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person."  *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)(emphasis in original).

The Eleventh Circuit has held that "robbery is categorically a crime of violence under the elements of even the least culpable acts criminalized by Florida Statues § 812.13(a)." *United States v. Fritts*, 841 F.3d 937, 941 (11th Cir. 2016)(citing *United States v. Lockley*, 632 F.3d 1238, 1242-43 (11th Cir. 2011)).  The *Fritts* court held that a "Florida ***armed*** robbery conviction under § 812.13 categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Fritts*, 841 F.3d at 944 (emphasis added).  It also noted:

> Applying the categorical approach, the *Lockley* Court analyzed the least culpable of the acts in § 812.12(1) [sic], which was "putting in fear."  The

> *Lockley* Court stressed that (1) "'putting in fear,' per Florida law, involves an act causing the victim to fear death or great bodily harm," (2) "[w]e can conceive of no means by which a defendant could cause such fear absent a threat to the victim's person," and (3) "[t]he bare elements of § 812.13(1) . . . satisfy the elements . . . clause[ ] of U.S.S.G. § 4B1.2(a)." *Id*. at 1244-45 (citation and footnote omitted).
>
> Later on, the *Lockley* Court repeated that (1) "robbery under that statute requires either the use of force, violence, a threat of imminent force or violence coupled with apparent ability, *or some act that puts the victim in fear of death or great bodily harm*," (2) "[a]ll but the latter option specifically require the use or threatened use of physical force against the person of another," (3) "*we find it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force*," and (4) "[s]ection 812.13(1) accordingly has, as an element, the 'use, attempted use, or threatened use of physical force against the person of another.' U.S.S.G. § 4B1.2(a)(1)." *Id*. (emphasis added). In *Lockley* this Court thus held that ***Florida robbery is categorically a crime of violence under the elements of even the least culpable of these acts criminalized by Florida Statutes § 812.13(1)***.

*Id.* at 941 (bold emphasis added; other emphasis in original).

Based on the Eleventh Circuit's decision in *Fritts*, the court finds that James's convictions for armed robbery and robbery are violent felony convictions under the elements clause of the ACCA. Together with his prior conviction for aggravated battery, the court finds that James has three prior convictions for violent felonies and, therefore, he was properly sentenced to 15 years under the ACCA, § 924(e)(1).

Based on the foregoing, the court finds that James has not satisfied the fourth prong of the Savings Clause test; he has not shown that he was "sentenced above the statutory maximum authorized by Congress." *Cortes-Morales*, 827 F.3d at 1015. Therefore, this court

"lack[s] jurisdiction to hear a § 2241 petition challenging the validity of [his] conviction or sentence." *Id*.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the petition for a writ of habeas corpus is due to be dismissed without prejudice for want of jurisdiction. An Order dismissing James's petition will be entered contemporaneously with this Memorandum Opinion.

Done this 16th day of February, 2017.

                                                   */s/ Sharon Lovelace Blackburn*
                                                 SHARON LOVELACE BLACKBURN
                                                 SENIOR UNITED STATES DISTRICT JUDGE